## Commonwealth v. Johnson

*Robert F. Pappano, Solicitor,* for Commonwealth.

*Anthony J. McNulty,* for defendant.

LEVY, *J.,* August 4, 1978—Defendant was convicted on March 9, 1978, by District Justice Anthony M. Truscello of a violation of section 4942(a)

of the Pennsylvania Vehicle Code of June 17, 1976, P.L. 162, §1 et seq., 75 Pa.C.S.A. §4942(a), and fined $10,500 plus costs of $10. On March 15, 1978, defendant filed a notice of appeal from that conviction. That appeal was heard by this court on April 25, 1978.

The facts are not seriously disputed and they are as follows: On March 1, 1978, defendant was operating a tractor and trailer in the Township of Tinicum. The tractor was a White International bearing a Delaware registration, No. C-23337, with a registered gross weight of 57,000 pounds. Defendant had stopped his vehicle for a traffic light at the intersection of New Bartram Avenue and Route 291. When the light turned green, defendant proceeded to make a right hand turn onto the westbound lane of Route 291. Patrolman Jack J. Parker, employed by the Township of Tinicum as a police officer for the past nine years, observed defendant's vehicle at the aforementioned intersection. Officer Parker noticed that when defendant made the right hand turn onto Route 291, the front bumper lifted off the ground and swayed slightly to the right. Officer Parker further observed that black smoke was coming from the smokestack. After following the vehicle for a short distance, Officer Parker further observed that the tires on the vehicle were depressed and that the vehicle was having difficulty proceeding up a slight incline. Officer Parker stopped defendant and asked him to produce the registration for the vehicle. Officer Parker then instructed defendant to proceed to the township scales where it was determined that the vehicle, both the tractor and trailer combination, had a gross weight of 74,960 pounds. A traffic citation, being No. G114180, was issued to defendant

for being overweight by 37,460 pounds in violation of section 4942(a) of the Vehicle Code. Officer Parker calculated the fine to be $10,500 by subtracting the registered weight of the Delaware tractor, which was 37,500 pounds, from the total gross weight of the combination, which was 74,960 pounds. There is no dispute that the tractor was validly registered in the State of Delaware and that the trailer was validly registered in the Commonwealth of Pennsylvania.

The issue before the court is the interpretation to be given to section 4942(a) of the Vehicle Code. That section provides as follows: "No vehicle registered as a truck, a combination or a trailer shall be operated with a gross weight in excess of its registered gross weight."

The Commonwealth contends that the fine imposed pursuant to section 4942(a) should be calculated by taking the gross weight of the combination, i.e., the tractor and trailer, and subtracting from that weight the registered gross weight of the truck tractor, which in this case the Commonwealth contends had a registered gross weight of 37,500 pounds. Subtracting that amount from the gross weight of the tractor and trailer, which was 74,960 pounds, the Commonwealth concludes that defendant's vehicle was overweight by 37,460 pounds. In the alternative, the Commonwealth contends that, at the very least, the registered gross weight of the trailer portion of the combination, which was 57,000 pounds, should be subtracted from the gross weight of the tractor and trailer. If this method is used, defendant's vehicle would have been overweight by 17,960 pounds. If the latter alternative is followed, the fine imposed upon defendant would have to be recalculated and it

would be substantially less than the fine originally imposed.

On the other hand, defendant contends that section 4942(a) applies only to trucks, combinations or trailers registered in this Commonwealth. Since the trailer alone was registered in the Commonwealth of Pennsylvania at a gross weight of 57,000 pounds defendant asserts that only the weight of the trailer portion of the combination should be taken into consideration to determine if the trailer was being operated in excess of its registered gross weight. In other words, defendant claims that the combined weight of the tractor and trailer should not be taken into consideration because the tractor portion is not registered in the Commonwealth of Pennsylvania. Finally, defendant contends that since there was no testimony to prove that the trailer portion of the combination had a gross weight in excess of its registered gross weight, there is no competent evidence upon which to impose a fine pursuant to section 4942(a) of the Vehicle Code.

We are of the opinion that in order to impose a fine under section 4942(a) of the Vehicle Code, the vehicle in question must be registered in the Commonwealth of Pennsylvania. According to the definitions contained in the Vehicle Code, "registered gross weight" is defined as the "maximum gross weight at which a vehicle or combination is *registered in this Commonwealth* to operate upon a highway." 75 Pa.C.S.A. §102. (Emphasis supplied.) It is clear that what is prohibited by section 4942(a) is a vehicle, registered as a truck, a combination or a trailer, being operated in the Commonwealth with a gross weight in excess of its *registered gross weight*. In the recent decision of Com. v. Mellon, 65

Del. Co., 318, 9 D. & C. 3d 689 (1978), this court (per McGovern, *J.*) held that if a vehicle is not registered in the Commonwealth of Pennsylvania, it is not subject to section 4942(a) of the Motor Vehicle Code. In Mellon, the tractor and trailer were validly registered in the State of Delaware. Since the vehicle in Mellon was not registered in Pennsylvania, the court found that section 4942(a) of the Vehicle Code did not apply and defendant's summary appeal was sustained. Although the facts in the instant case are slightly different in that defendant's tractor was registered in Delaware and his trailer was registered in Pennsylvania, the interpretation given to section 4942(a) in the Mellon case applies equally to the facts of this case. Accordingly, since only the trailer portion of defendant's vehicle was registered in the Commonwealth of Pennsylvania, it is only that portion of the vehicle which is subject to section 4942(a) for purposes of determining whether or not it was being operated with a gross weight in excess of its registered gross weight.

Of importance in determining whether or not a fine may be imposed against a trailer alone when it is operated with a gross weight in excess of its registered gross weight is a determination of whether or not one may register gross weight for only a trailer in the Commonwealth of Pennsylvania. Delaware permits a split registration system, i.e., one registration for the tractor and one registration for the trailer. On the other hand, it seems to be the generally accepted view that the Commonwealth of Pennsylvania uses a "single registration system" combining the total weight of the tractor and trailer. Officer Parker was of the belief that a trailer's gross weight may not alone be registered in

the Commonwealth of Pennsylvania since it is the "practice" in this state to register the entire gross weight of the combination on the power vehicle, the tractor.

After reviewing the pertinent provisions of the Vehicle Code, we are of the opinion that a trailer alone may be registered in the Commonwealth of Pennsylvania at a specified gross weight. A trailer is defined as a "vehicle designed to be towed by a motor vehicle" and according to section 4942(a), a *vehicle registered as a trailer* shall not be operated with a gross weight in excess of its registered gross weight. Further, section 1304(c) provides as follows: *"The department shall register* trucks, truck tractors and *trailers at the gross weight requested by the applicant,* provided that the weight is not greater than allowed in subsection (d) or less than allowed in subsection (e)." (Emphasis supplied.) Trailers are expressly permitted to be registered at a specific gross weight. Finally, registration fees for trailers are set forth in section 1920 of the Vehicle Code and, in fact, the trailer in question was registered in the Commonwealth of Pennsylvania at a gross weight of 57,000 pounds.

We are of the further opinion, however, that the above conclusion is not inconsistent with the use in Pennsylvania of a single registration system combining the total weight of the tractor and trailer. Section 1304 of the Vehicle Code provides in subsection (f) as follows: "Every truck shall have its own registered gross weight and *may* also be registered at a registered gross weight for a combination. *Every truck tractor shall be registered at a registered gross weight for a combination."* (Emphasis supplied.)

An examination of the definitions contained in

section 102 indicates that a truck tractor is defined as: "A motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn."

It is apparent from these sections that where a truck tractor is registered, it *must* register at a registered gross weight for the combination, i.e., the weight of both the tractor and trailer. We believe that it is from these sections that the concept has been established that the Commonwealth of Pennsylvania uses a single registration system combining the total weight of the tractor and trailer. Where a truck tractor is registered, it must register at a gross weight for the combination. However, this is not to say that a trailer may not lawfully be registered at its own gross weight. This conclusion must be obtained from the section of the Vehicle Code quoted above.

The final question to be determined is the amount of the fine to be imposed in the instant case upon defendant for operating a trailer at a gross weight in excess of its registered gross weight. The only evidence presented by the Commonwealth as to the gross weight of the vehicle in question was that the tractor trailer combination weighed 74,960 pounds. There was no evidence as to the separate gross weight of the trailer, or whether or not the gross weight of the trailer in fact exceeded its registered gross weight. Accordingly, we conclude that the district justice erred in finding defendant guilty of a violation of section 4942(a) of the Vehicle Code. We enter the following

## ORDER

And now, August 4, 1978, after presentation of

testimony in open court and after consideration of briefs of the respective parties, it is ordered and decreed that the appeal of Ellis Johnson, defendant above named, is hereby sustained, and that said defendant is hereby found not guilty.